**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SRI HERMETICS, INC.,**
          **Plaintiff,**

-vs-                                                 **Case No.  6:05-cv-1661-Orl-28KRS**

**PACIFIC AEROSPACE &**
**ELECTRONICS, INC.,**
          **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION AND MEMORANDUM FOR MORE DEFINITE STATEMENT (Doc. No. 44)**
>
> **FILED:**       **March 9, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.    PROCEDURAL HISTORY.**

Defendant Pacific Aerospace & Electronics, Inc. (Pacific) designs, engineers, integrates and assembles hermetic connection and packaging technologies used in commercial and defense related applications. Doc. No. 42, Counterclaim ¶¶ 8, 9, 12, 13. Plaintiff SRI Hermetics (SRI) is also engaged in the sale and distribution of electrical connectors. Doc. No. 1 ¶¶ 9, 16, 23.

On May 23, 2005, Pacific filed a complaint for patent infringement against SRI in the United States District Court for the Eastern District of Washington. Doc. No. 16 ¶ 2 & ex. A. Pacific alleged in a single count of the complaint that "SRI Hermetic's actions in selling and offering for sale products

that are covered by one of more of [Pacific's] patents amounts to infringement of the '019 patent, the '307 patent; and/or the '272 patent." *Id.* ex. A ¶ 17. On November 4, 2005, the Honorable Alan A. McDonald dismissed the Eastern District of Washington case due to lack of personal jurisdiction over SRI. *Id.* ¶ 14 & ex. M.

On November 7, 2005, SRI brought the present declaratory judgment action seeking a determination that Pacific's patents are invalid or unenforceable. It also asserted a cause of action against Pacific for unfair competition. Doc. No. 1.

In response, Pacific filed a counterclaim alleging that SRI's "actions in selling and offering for sale products that are covered by one of more of [Pacific's] patents amounts to infringement of the '480 patent, the '683 patent, the '208 patent, the '019 patent, the '307 patent, and/or the '272 patent." Doc. No. 42. SRI contends that including a number of patents in a single cause of action for patent infringement makes it "impossible" to frame a responsive pleading. Accordingly, it seeks a more definite statement in which Pacific identifies "by separate count, which claims of which Patents it is alleged to have infringed . . . ." Doc. No. 44 at 2.

## II.    LEGAL STANDARD.

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." "Motions for a more definite statement are not substitutes for discovery. Therefore, [a] motion for more definite statement will only be granted if 'the pleading is so vague or ambiguous that the opposing party cannot

respond in good faith or without prejudice to himself.'" *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1322 (S.D. Fla. 2004) (quoting *Hobbs v. BH Cars, Inc.*, Case No. 04 60327-CIV, 2004 WL 1242838, *2 (S.D. Fla. June 4, 2004)).

### III.  ANALYSIS.

SRI contends that it "is impossible" to answer the counterclaim because "different Affirmative Defenses may be applicable to different Patents, some of which may or may not be asserted." Doc. No. 44 at 2. Yet, it cites no law from the United States Courts of Appeals for the Eleventh Circuit or the Federal Circuit supporting its argument that Pacific should be required to identify, by separate counts, each patent that SRI is alleged to have infringed.

Furthermore, this is not a case in which the parties are unaware of the opposing parties' contentions. Pacific attached pre-suit correspondence between counsel for the parties discussing specifics underlying the claim of patent infringement. For example, in a letter dated June 22, 2004, counsel for Pacific described SRI products and explained how those products allegedly infringed particular patents owned by Pacific. Doc. No. 47-2 at 12 (ex. A-4). In response, SRI sent a ten-page letter in which it provided detailed explanations of its contentions that the products did not infringe Pacific's patents. Doc. No. 47-3 at 7 (ex. B-3).

Under these circumstances, SRI's assertions that the counterclaim provides insufficient information for it to frame an answer ring hollow. Therefore, a order requiring a more definite statement is not appropriate in this case. Accordingly, it is **ORDERED** that SRI shall file and serve an answer to the counterclaim on or before May 10, 2006.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties